CHARLES RUBIN, a single man, v. NOAH REAL ESTATE, INC., a Florida Corporation.

32 So. (2nd) 277          June Term, 1947

October 24, 1947          Special Division B

*E. L. Lockhart,* for appellant.
*Ward & Ward,* for appellee.

BUFORD, J.:

Appellant agreed to sell and appellee agreed to buy certain property consisting of a plot of ground, a building (when substantially completed) then under construction, and certain furnishings for the building. Pertinent parts of the contract for purchase and sale are:

"(1) The buyer has inspected the premises and is familiar with the nature of the improvement being constructed thereon, with the size of the building, the dimensions and number of rooms, the location and dimension of the public spaces, and the position of the building on the property; and, therefore, no representations are made as to the nature, scope or extent of the work as it has progressed up to the present time, the buyer relying entirely upon the buyer's own investigation in this respect; but the seller does covenant and agree with and represent unto the buyer that the seller will complete the construction work now in process of being done as rapidly as the availability of labor and materials and the exigencies of building reasonably make possible; that the said building will be completed.

"In this connection the seller covenants and agrees with the buyer that the seller will make no changes in the scope of the work, the size of the building, the size of the rooms and the public spaces or the numbers of rooms as they now exist; and such work will be done and the building, substantially completed, will be tendered to the buyer by the seller and the buyer let into possession thereof, as rapidly as possible; and the date upon which the building is substantially completed and, as such, is tendered by the seller to the buyer is the 'possession date' as the term is used and understood in this contract."

"(2)  The term 'substantial completion' or 'substantially completed' as used herein is used in the manner and with the meaning in which it is generally used and understood in the building trade in Dade County, Florida; and, generally, speaking, it means that the premises have reached such state of completion as to enable the use of the premises for the purposes for which it was intended; but the fact that touching up the minor finishing items and items of completion carpentry, landscaping, lot clearing, window cleaning, repairing or painting of soiled or scratched or gouged portions of the walls or woodwork and such minor items as are usually completed after the building, for all practical intentions and purposes, is done, shall remain to be done, shall not be deemed to constitute the building other than 'substantially completed'."

Only the initial cash payment was made to appellant.

When appellant tendered possession, appellee declined to accept the building as substantially completed or as so completed as to "enable the use of the premises for the purpose for which it was intended."  The appellant, having failed, as it is alleged, substantially to complete the building according to the terms of the contract, the appellee gave notice that it considered the contract breached by appellant and demanded the return of the $15,000.00 theretofore paid by appellee to appellant.  Appellant claimed that appellee had breached the contract by refusing to accept possession of the building and failing to execute and deliver notes and mortgages as contemplated by the contract, and advised that he would keep the $15,000.00 as forfeit for breach of the contract by appellee.

Appellee sued to recover the $15,000.00 with interest.

Issues were joined and the cause submitted to the Court with waiver of trial by jury.

The court found in favor of appellee and rendered judgment against appellant.

Appellant appealed.

The result of the appeal must rest on the question "Whether or not the evidence is sufficient to sustain the finding and judgment of the trial court."

We have carefully reviewed the transcript of the record and find that there appears ample evidence to sustain the finding and judgment of the trial court. No reversible error being made to appear, the judgment is affirmed.

So ordered.

THOMAS, C. J., SEBRING and BARNS, JJ., concur.